**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern District of Texas
(State)

Case number *(if known)*: _____   Chapter ___11___

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

02/20

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's Name** | **Denbury Resources Inc.** |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **20-0467835** |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **5320 Legacy Drive** | |
| Number         Street | Number         Street |
| | P.O. Box |
| **Plano,**              **TX**       **75024** | |
| City                State      Zip Code | City                State      Zip Code |
| | **Location of principal assets, if different from principal place of business** |
| **Collin County** | |
| County | Number         Street |
| | |
| | City                State      Zip Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | **www.denbury.com** |

| | | |
|---|---|---|
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
| | | ☐ Partnership (excluding LLP) |
| | | ☐ Other. Specify: _____ |

Debtor   **Denbury Resources Inc.**                                          Case number *(if known)* _____
     Name

---

**7. Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

---

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

---

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

**2111 - Oil and Gas Extraction**

---

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).  If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ The debtor is a small business as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

    ☒ A plan is being filed with this petition.

    ☒ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☒ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934.  File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form**.**

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes.   District _____ When _____ Case number _____
                                 MM/DD/YYYY

           District _____ When _____ Case number _____
                                 MM/DD/YYYY

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
☒ Yes.   Debtor   **See Schedule A**                       Relationship   **Affiliate**

          District   **Southern District of Texas**

                                     When   **7/30/2020**

---

Debtor    **Denbury Resources Inc.**                                    Case number *(if known)* _____
_____
Name

| List all cases. If more than 1, attach a separate list. | Case number, if known _____ | MM / DD / YYYY |

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?[1]**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

_____
Number          Street

_____

_____
City                          State    Zip Code

**Is the property insured?**

☐ No

☐ Yes.   Insurance agency _____

Contact name _____

Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors[2]**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☒ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

---

1    The Debtors engage in the exploration, development, and production of oil and natural gas. Certain Debtors possess or operate certain real property with existing contamination where remediation efforts are presently underway. Although the Debtors are not aware of any definition of "imminent or identifiable hazard" as used in this form, the Debtors do not believe they own or possess any real or personal property (including the aforementioned property) that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety.

2    The Debtors' estimated assets, liabilities, and number of creditors noted here are provided on a consolidated basis.

Debtor   **Denbury Resources Inc.**                                          Case number *(if known)* _____
     Name

| **15. Estimated assets** | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

| **16. Estimated liabilities** | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **7/30/2020**
        MM/ DD / YYYY

✗   **/s/ Christian S. Kendall**                                          Christian S. Kendall
   Signature of authorized representative of debtor          Printed name

Title   **Chief Executive Officer**

**18. Signature of attorney**

✗   **/s/ Matthew D. Cavenaugh**                    Date   **7/30/2020**
   Signature of attorney for debtor                              MM/DD/YYYY

**Matthew D. Cavenaugh**
Printed name

**Jackson Walker L.L.P.**
Firm name

**1401 McKinney Street, Suite 1900**
Number                    Street

**Houston**                                          **Texas**          **77010**
City                                                State          ZIP Code

**(713) 752-4200**                                  **mcavenaugh@jw.com**
Contact phone                                       Email address

**24062656**                                        **Texas**
Bar number                                          State

| Fill in this information to identify the case: |
| --- |
| United States Bankruptcy Court for the: |
| **Southern District of Texas** |
| (State) |
| Case number *(if known):* _____   Chapter ___11___ |

☐ Check if this is an
amended filing

## Rider 1
## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Southern District of Texas for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Denbury Resources Inc.

1. Denbury Resources Inc.
2. Denbury Air, LLC
3. Denbury Brookhaven Pipeline Partnership, LP
4. Denbury Brookhaven Pipeline, LLC
5. Denbury Gathering & Marketing, Inc.
6. Denbury Green Pipeline-Montana, LLC
7. Denbury Green Pipeline-North Dakota, LLC
8. Denbury Green Pipeline-Riley Ridge, LLC
9. Denbury Green Pipeline-Texas, LLC
10. Denbury Gulf Coast Pipelines, LLC
11. Denbury Holdings, Inc.
12. Denbury Onshore, LLC
13. Denbury Operating Company
14. Denbury Pipeline Holdings, LLC
15. Denbury Thompson Pipeline, LLC
16. Encore Partners GP Holdings, LLC
17. Greencore Pipeline Company, LLC
18. Plain Energy Holdings, LLC

Official Form 201A (12/15)

## IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DENBURY RESOURCES INC., | ) | Case No. 20-_____(___) |
| | ) | |
| Debtor. | ) | |
| | ) | |

### Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11

19.  If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is __1-12935__

20.  The following financial data is the latest available information and refers to the debtor's condition on __March 31, 2020__

(a)  Total assets                                                                    $  __4,607,091,000__

(b)  Total debts (including debts listed in 2.c., below)    $  __3,117,646,000__

(c)  Debt securities held by more than 500 holders

Approximate number of holders:

| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
|---|---|---|---|---|
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |

(d)  Number of shares of preferred stock                __0__

(e)  Number of shares of common stock                  __506,481,777__

Comments, if any: _____

_____

21.  Brief description of debtor's business:  __Denbury Resources Inc. is an independent oil and natural gas company predominantly focused on carbon dioxide enhanced oil recovery.  Denbury Resources Inc. and its affiliates have onshore production and development activities in the Gulf Coast and Rocky Mountains regions.__

22.  List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:
__BlackRock, Inc.; The Vanguard Group; and State Street Corp.__

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| DENBURY RESOURCES INC., | ) Case No. 20-_____(____) |
| | ) |
| Debtor. | ) |
| | ) |

## LIST OF EQUITY SECURITY HOLDERS[1]

| Debtor | Equity Holders | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|---|
| Denbury Resources Inc. | BlackRock, Inc. | 55 East 52nd Street, New York, NY 10055 | 9.70% |
| Denbury Resources Inc. | The Vanguard Group | 100 Vanguard Blvd., Malvern, PA 19355 | 7.40% |
| Denbury Resources Inc. | State Street Corp. | State Street Financial Center, One Lincoln Street, Boston, MA 02111 | 7.22% |

---

[1]   This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 case.

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| DENBURY RESOURCES INC., | Case No. 20-_____(____) |
| Debtor. | |

<u>**CORPORATE OWNERSHIP STATEMENT**</u>

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| BlackRock, Inc. | 9.70% |
| The Vanguard Group | 7.40% |
| State Street Corp. | 7.22% |

Fill in this information to identify the case:

Debtor name Denbury Resources Inc et al.

United States Bankruptcy Court for the: Southern District of Texas

Case number (If known): _____

☐ Check if this is an
amended filing

### Official Form 204

# Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

**A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | WILMINGTON TRUST, NATIONAL ASSOCATION 15950 NORTH DALLAS PARKWAY SUITE 550 DALLAS, TX 75248 | Attn: QUINTON M. DEPOMPOLO Title: GLOBAL CAPITAL MARKETS BANKING OFFICER Phone: (612) 217-5670 Email: QDEPOMPOLO@WILMINGTONTRUST.COM Fax: (612) 217-5651 | 6.375% Convertible Senior Notes Due 2024 | | | | $ 225,663,000 |
| 2 | WILMINGTON TRUST, NATIONAL ASSOCATION 15950 NORTH DALLAS PARKWAY SUITE 550 DALLAS, TX 75248 | Attn: QUINTON M. DEPOMPOLO Title: GLOBAL CAPITAL MARKETS BANKING OFFICER Phone: (612) 217-5670 Email: QDEPOMPOLO@WILMINGTONTRUST.COM Fax: (612) 217-5651 | 4.625% Senior Subordinated Notes Due 2023 | | | | $ 135,960,000 |
| 3 | WILMINGTON TRUST, NATIONAL ASSOCATION 15950 NORTH DALLAS PARKWAY SUITE 550 DALLAS, TX 75248 | Attn: QUINTON M. DEPOMPOLO Title: GLOBAL CAPITAL MARKETS BANKING OFFICER Phone: (612) 217-5670 Email: QDEPOMPOLO@WILMINGTONTRUST.COM Fax: (612) 217-5651 | 5.500% Senior Subordinated Notes Due 2022 | | | | $ 58,426,000 |
| 4 | WILMINGTON TRUST, NATIONAL ASSOCATION 15950 NORTH DALLAS PARKWAY SUITE 550 DALLAS, TX 75248 | Attn: QUINTON M. DEPOMPOLO Title: GLOBAL CAPITAL MARKETS BANKING OFFICER Phone: (612) 217-5670 Email: QDEPOMPOLO@WILMINGTONTRUST.COM Fax: (612) 217-5651 | 6.375% Senior Subordinated Notes Due 2021 | | | | $ 51,304,000 |
| 5 | FDL OPERATING LLC 5221 N O CONNOR BLVD IRVING, TX 75039-3714 | Attn: JAKE PLUNK Title: CEO Phone: (972) 332-1419 Email: JPLUNK@FDLENERGY.COM Fax: (855) 299-5083 | Trade Payables | | | | $ 1,581,389 |
| 6 | TELLUS OPERATING GROUP LLC 602 CRESCENT PL # 100 RIDGELAND, MS 39157 | Attn: RICHARD H. MILLS, JR. Title: CEO Phone: (601) 898-7444 Email: RMILLS@TELLUSOPERATING.COM Fax: (601) 898-7445 | Trade Payables | | | | $ 453,397 |

Debtor ___Denbury Resources Inc et al.___                                                                  Case number (if known)_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 7 | JACAM CHEMICALS 2013 LLC 205 S BROADWAY STERLING, KS 67579 | Attn: GENE ZAID Title: CEO Phone: (620) 278-3355 Email: GENE.ZAID@JACAM.COM | Trade Payables | | | | $     393,221 |
| 8 | WOOD GROUP PSN INC 17325 PARK ROW DR HOUSTON, TX 77084 | Attn: BOBBY BERRY Title: VICE PRESIDENT Phone: (281) 647-1041 Email: BOBBY.BERRY@WOODGROUP.COM | Trade Payables | | | | $     336,602 |
| 9 | ENTERGY 639 LOYOLA AVE STE 300 NEW ORLEANS, LA 70113 | Attn: LEO P DENAULT Title: CEO Phone: (504) 576-4000 Email: LDENAULT@ENTERGY.COM | Trade Payables | | | | $     324,592 |
| 10 | BAKER HUGHES OILFIELD OPERATIONS INC 17021 ALDINE WESTFIELD RD HOUSTON, TX 77073-5101 | Attn: LORENZO SIMONELLI Title: PRESIDENT & CEO Phone: (713) 439-8600 Email: LORENZO.SIMONELLI@BHGE.COM | Trade Payables | | | | $     286,031 |
| 11 | STEEL SERVICE OILFIELD TUBULAR INC 8138 E 63RD ST TULSA, OK 74182 | Attn: RON PEDERSON Title: PRESIDENT Phone: (918) 286-1500 Email: RP@STEELSERVICEOILFIELD.COM Fax: (918) 286-1508 | Trade Payables | | | | $     229,686 |
| 12 | JD RUSH CORPORATION 2 NORTHPOINT DRIVE, SUITE 150 HOUSTON, TX 77060 | Attn: FRANK SAMS Title: PRESIDENT Phone: (281) 617-5512 Email: FRANKS@JDRUSHCORP.COM | Trade Payables | | | | $     210,447 |
| 13 | BLACK HILLS POWER 7001 MOUNT RUSHMORE RD RAPID CITY, SD 57702-8752 | Attn: LINDEN EVANS Title: CEO Phone: (605) 721-1700 Email: LINDEN.EVANS@BLACKHILLSCORP.COM | Trade Payables | | | | $     174,100 |
| 14 | FORTIS ENERGY SERVICES INC 3001 W BIG BEAVER RD #525 TROY, MI 48084 | Attn: SUSAN CENSONI Title: CFO Phone:  (248) 283-7100 Email: SCENSONI@FORTISENERGYSERVICES.COM | Trade Payables | | | | $     140,141 |
| 15 | SPN WELL SERVICES 3333 N INTERSTATE 35 BLDG F GAINESVILLE, TX 76240 | Attn: WILLIAM PITTMAN Title: VICE PRESIDENT Phone: (940) 567-1106 Email: WPITTMAN@SPNWS.COM | Trade Payables | | | | $     126,184 |
| 16 | D&M SOLUTIONS INC 21 SHELL OIL RD BAKER, MT 59313 | Attn: GREG GAUB Title: GENERAL MANAGER Phone: (406) 853-5295 Email: GREGDM@MIDRIVERS.COM Fax: (406) 778-2677 | Trade Payables | | | | $     118,266 |
| 17 | PUMPELLY OIL ACQUISITION LLC 1890 SWISCO SULPHUR , LA  70665-8212 | Attn: GLENN PUMPELLY Title: CEO Phone: (337) 625-1117 Email: GLENN.PUMPELLY@RELADYNE.COM | Trade Payables | | | | $     114,100 |
| 18 | VA SAULS INC 411 EAST MAIN ST. HEIDELBERG, MI 39439 | Attn: GARY W. SAULS Title: PRESIDENT Phone: (601) 787-4321 Email: Fax: (601) 787-3409 | Trade Payables | | | | $       83,573 |

Debtor __Denbury Resources Inc et al.__                                                                     Case number (if known)_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 19 | DNOW LP 7402 N ELDRIDGE PKWY HOUSTON, TX 77041 | Attn: DAVID A. CHERECHINSKY Title: PRESIDENT & CEO Phone: (281) 823-4719 Email: DAVID.CHERECHINSKY@DNOW.COM | Trade Payables | | | | $   71,636 |
| 20 | B&L PIPECO SERVICES INC 20465 SH 249 SUITE 200 HOUSTON, TX 77070 | Attn: STEVE TAIT Title: PRESIDENT & CEO Phone: (281) 955-3500 Email: STEVE.TAIT@BLPIPECO.COM | Trade Payables | | | | $   67,728 |
| 21 | HAWKINS LEASE SERVICE INC 3205 FM 2403 ALVIN , TX 77511 | Attn: THOMAS KIRSCH Title:  SUPERINTENDENT Phone: (281) 331-2739 Email: TKIRSCH@HAWKINSLEASESERVICE.COM Fax: (281) 585-4295 | Trade Payables | | | | $   66,086 |
| 22 | WEATHERFORD ARTIFICIAL LIFT SYSTEMS 2000 ST. JAMES PL HOUSTON , TX 77056 | Attn: KARL BLANCHARD Title: INTERIM CEO & EVP Phone: (713) 836-4000 Email: KARL.BLANCHARD@WEATHERFORD.COM | Trade Payables | | | | $   59,034 |
| 23 | REAGAN POWER & COMPRESSION 2550 BELLE CHASSE HWY GRETNA, LA 70053-6758 | Attn:  BRETT REAGAN Title: CAO Phone: (504) 368-9760 Email: BREAGAN@REAGANPOWER.COM | Trade Payables | | | | $   57,638 |
| 24 | C&J WELL SERVICES INC 3990 ROGERDALE RD HOUSTON, TX 77042-5142 | Attn: ROBERT DRUMMOND Title: PRESIDENT & CEO Phone: (713) 325-6000 Email: RDRUMMOND@CJENERGY.COM | Trade Payables | | | | $   54,045 |
| 25 | DC VACUUM INC 17210 AUCTION BARN RD ALVIN, TX 77511-9466 | Attn: DANNY M CORDOVA Title: EXECUTIVE DIRECTOR Phone: (713) 825-3064 Email: DCVACUUM2012@YAHOO.COM | Trade Payables | | | | $   51,819 |
| 26 | GE OIL & GAS PRESSURE CONTROL LP 4424 W SAM HOUSTON PKW N, STE 100 HOUSTON, TX 77041-8245 | Attn: THOMAS ADAMS Title: CEO Phone: (281) 398-8901 Email: THOMAS.ADAMS@GE.COM Fax: (281) 985-8600 | Trade Payables | | | | $   50,698 |
| 27 | DIRECT ELECTRIC LLC 2001 COURTRIGHT RD COLUMBUS, OH 43232 | Attn: GARY SHOULTS Title: PRESIDENT Phone: (614) 989-3051 Email: | Trade Payables | | | | $   48,332 |
| 28 | ENDURANCE LIFT SOLUTIONS LLC 201 W CALIFORNIA ST GAINESVILLE, TX 76240-3904 | Attn: DAN RUNZHEIMER Title: PRESIDENT Phone: (281) 269-6880 Email: DAN.RUNZHEIMER@ENDURANCELIFT.COM | Trade Payables | | | | $   45,574 |
| 29 | WRANGLER WELL SERVICE INC 806 W MAIN ST RIVERTON, WY 82501 | Attn: TIM DAVIS Title: PRESIDENT Phone: (307) 857-3979 Email: TIM.DAVIS@WELLDRILLINGCORP.COM Fax: (307) 857-4266 | Trade Payables | | | | $   44,708 |

Debtor __Denbury Resources Inc et al.__                                                                          Case number (if known)_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 30 | APMTG HELIUM LLC C/O THE SPENCE LAW FIRM 232 E. 2ND STREET, SUITE 101 CASPER, WY 82601 | Attn: JASON A. NEVILLE Title: PARTNER Phone: (307) 733-7290 Email: NEVILLE@SPENCELAWYERS.COM Fax: (307) 733-5248 | Litigation | Contingent Unliquidated Disputed | | | Undetermined |

Note: Unsecured amounts contain projected estimates of pre-petition liability as of the Petition Date and are subject to change as accrued liabilities are invoiced.

Fill in this information to identify the case and this filing:

Debtor Name      Denbury Resources Inc.

United States Bankruptcy Court for the:      Southern District of Texas

      (State)

Case number (If known):

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐   *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐   *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐   *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐   *Schedule H: Codebtors (Official Form 206H)*

☐   *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐   Amended Schedule

☒   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒   Other document that requires a declaration_____ **List of Equity Security Holders and Corporate Ownership Statement**_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

| 7/30/2020 | ☒ */s/ Christian S. Kendall* |
|---|---|
| MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | **Christian S. Kendall** |
| | Printed name |
| | **Chief Executive Officer** |
| | Position or relationship to debtor |

**Official Form 202**          **Declaration Under Penalty of Perjury for Non-Individual Debtors**

# OFFICER'S CERTIFICATE

The undersigned, James S. Matthews, Executive Vice President, Chief Administrative Officer, General Counsel and Secretary of each entity set forth below (each, a "Company"), hereby certifies that attached hereto as Exhibit A is a copy of the resolutions duly adopted by the members of the board of directors, the board of managers, and the sole general partner, as applicable, of each Company on July 29, 2020 and that said resolutions continue in full force and effect.

Denbury Resources Inc.
Denbury Air, LLC
Denbury Brookhaven Pipeline Partnership, LP
Denbury Brookhaven Pipeline, LLC
Denbury Gathering & Marketing, Inc.
Denbury Green Pipeline-Montana, LLC
Denbury Green Pipeline-North Dakota, LLC
Denbury Green Pipeline-Riley Ridge, LLC
Denbury Green Pipeline-Texas, LLC
Denbury Gulf Coast Pipelines, LLC
Denbury Holdings, Inc.
Denbury Onshore, LLC
Denbury Operating Company
Denbury Pipeline Holdings, LLC
Denbury Thompson Pipeline, LLC
Encore Partners GP Holdings, LLC
Greencore Pipeline Company, LLC
Plain Energy Holdings, LLC

*[Signature page follows]*

IN WITNESS WHEREOF, the undersigned has executed this certificate as of the date first written above.

By: _____

Name: James S. Matthews

Title: Executive Vice President, Chief Administrative Officer, General Counsel and Secretary

## **<u>EXHIBIT A</u>**

See attached.

## OMNIBUS RESOLUTIONS OF THE BOARDS
## OF DIRECTORS, BOARDS OF MANAGERS, AND SOLE GENERAL PARTNER

### July 29, 2020

After due deliberation, the members of the board of directors, the board of managers, and sole general partner (each, a "Governing Body"), as applicable, of each entity set forth on Annex A attached hereto (each, a "Company" and collectively, the "Companies"), do hereby consent to, adopt, and approve the following resolutions pursuant to the bylaws, limited liability company agreement, limited partnership agreement, or similar document (in each case, as amended or amended and restated to date) of each Company, as applicable, and the laws of the state of formation of each Company as set forth next to each Company's name on Annex A:

**Chapter 11 Filing**

**WHEREAS**, each Governing Body has reviewed and considered (a) the presentations by each Company's management and financial and legal advisors, including on July 29, 2020, regarding the liabilities and liquidity of each Company, the strategic alternatives available to it, and the impact of the foregoing on each Company's businesses, (b) the information and advice previously provided to and reviewed by each Governing Body, and (c) the related matters reported on at meetings of each Governing Body;

**WHEREAS**, the Companies, with the assistance of their advisors, have formulated a plan of reorganization under chapter 11 of the Bankruptcy Code (as amended or restated from time to time, the "Plan") and a disclosure statement with all related exhibits thereto for soliciting support for the Plan among the constituencies permitted to vote for the Plan under the Bankruptcy Code (as amended or restated from time to time, the "Disclosure Statement"); and

**WHEREAS**, each Governing Body has had the opportunity to consult with the Companies' management and financial and legal advisors and fully consider each of the strategic alternatives available to the Companies.

**NOW, THEREFORE, BE IT,**

**RESOLVED**, that in the business judgment of each Governing Body, it is desirable and in the best interests of the Companies, their stockholders, their creditors, and other parties in interest to file, or cause to be filed, voluntary petitions for relief (the "Chapter 11 Cases") under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court") and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States, and to take any and all actions, that they deem necessary or appropriate to pursue confirmation and consummation of a plan of reorganization materially consistent with the Plan.

**RESOLVED**, that the Chief Executive Officer, President, General Counsel, Chief Financial Officer, Chief Accounting Officer, Treasurer, Secretary, any Executive Vice President, or any Senior Vice President (each, an "Authorized Signatory" and collectively, the "Authorized Signatories") of each Company, acting alone or with one or more other Authorized Signatories be,

and they hereby are, authorized, empowered and directed, together with the Companies' advisors, to execute and file on behalf of each Company all petitions, schedules, lists and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of each Company's business, to confirm a plan of reorganization materially consistent with the Plan, including, but not limited to, any amendments to and modifications of the Plan and Disclosure Statement, and to consummate the Plan if confirmed by the Bankruptcy Court.

## Retention of Professionals

**RESOLVED**, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the law firm of Kirkland & Ellis LLP and Kirkland & Ellis International LLP ("Kirkland") as general bankruptcy counsel to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Kirkland in accordance with applicable law.

**RESOLVED**, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the law firm of Jackson Walker, L.L.P. ("Jackson Walker") as local bankruptcy counsel to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Jackson Walker in accordance with applicable law.

**RESOLVED**, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm of Evercore Group L.L.C. ("Evercore") as financial advisor to, among other things, assist each Company in evaluating its business and prospects, developing a long-term business plan, developing financial data for evaluation by each Governing Body, creditors, or other third parties, as requested by any Company, evaluating each Company's capital structures, responding to issues related to each Company's financial liquidity, and in any sale, reorganization, business combination, or similar disposition of each Company's assets; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and cause to be filed an appropriate application for authority to retain the services of Evercore in accordance with applicable law.

**RESOLVED**, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm of Alvarez & Marsal North America, LLC ("A&M"), as restructuring advisor to each Company to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power

of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and cause to be filed an appropriate application for authority to employ or retain the services of A&M in accordance with applicable law.

**RESOLVED**, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm of Epiq Corporate Restructuring, LLC ("Epiq"), as notice and claims agent to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and cause to be filed appropriate applications for authority to retain the services of Epiq in accordance with applicable law.

**RESOLVED**, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ KPMG LLP ("KPMG") and PricewaterhouseCoopers LLP ("PWC"), as tax advisors to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and cause to be filed an appropriate application for authority to employ or retain the services of KPMG and PWC in accordance with applicable law.

**RESOLVED**, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ any other professionals to assist each Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary.

**RESOLVED**, that each of the Authorized Signatories be, and they hereby are, with power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Signatories deem necessary, proper, or desirable in connection with the Chapter 11 Cases, with a view to the successful prosecution of the cases.

## Cash Collateral and Debtor in Possession Financing

**WHEREAS**, Denbury Resources Inc. ("DNR"), as borrower, and each other Company identified on Annex A, as guarantors, are party to that certain Amended and Restated Credit Agreement, dated as of December 9, 2014, providing access to a revolving credit facility with the lenders party thereto and JPMorgan Chase Bank, N.A., as administrative agent (as amended, restated, amended and restated, supplemented or otherwise modified prior to the date hereof, the "RBL Credit Facility").

**WHEREAS**, reference is made to that certain debtor-in-possession credit agreement (together with all exhibits, schedules, and annexes thereto, as amended, amended and restated, supplemented or otherwise modified from time to time, the "DIP Credit Agreement") dated as of, or about, the date hereof, that sets forth the terms and conditions of the debtor-in-possession financing to be provided to each Company party thereto (each, a "DIP Loan Party" and, collectively, the "DIP Loan Parties") by the lenders listed therein.

**WHEREAS**, it is desirable and in the best interest of the DIP Loan Parties to obtain the benefits from (a) the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which is security for certain prepetition secured lenders (collectively, the "Prepetition Secured Lenders") under the RBL Credit Facility, and (b) the incurrence of debtor-in-possession financing obligations pursuant to the DIP Credit Agreement (the "DIP Financing").

**WHEREAS**, that, in order to use and obtain the benefits of (a) the DIP Financing and (b) the Cash Collateral and in accordance with section 363 of the Bankruptcy Code, each DIP Loan Party will provide certain liens, claims, and adequate protection to the Prepetition Secured Lenders (the "DIP Obligations"), as documented in a proposed order in interim and final form (the "DIP Order") and submitted for approval to the Bankruptcy Court.

**NOW, THEREFORE, BE IT,**

**RESOLVED**, that the form, terms, and provisions of the DIP Order to which each Company is or will be subject, and the actions and transactions contemplated thereby be, and hereby are, authorized, adopted, and approved, and each of the Authorized Signatories of each Company be, and hereby is, authorized and empowered to, in the name of and on behalf of each Company, take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of the DIP Order, the DIP Credit Agreement and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or documents to which each Company is or will be a party, including, but not limited to, any security and pledge agreement or guaranty agreement, or any order entered into in connection with the Chapter 11 Cases (collectively, the "DIP Documents"), incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof submitted to the Companies, in each case, with such modifications or amendments as such Authorized Signatory may deem necessary, advisable, desirable or appropriate in its reasonable discretion.

**RESOLVED**, that (a) the form, terms, and provisions of the DIP Credit Agreement and all other DIP Documents to which each Company is a party, (b) the grant of security interests in, pledges of, and liens on all or substantially all of the assets now or hereafter owned by each DIP Loan Party as collateral (including pledges of equity and personal property as collateral) under the DIP Documents, (c) the grant of security interests in, pledges of, and liens by each Company under the DIP Documents on assets that were previously pledged to support the RBL Credit Facility, and (d) the guaranty of obligations by each DIP Loan Party under the DIP Documents, from which each DIP Loan Party will derive value, be and hereby are, authorized, adopted, and approved.

**RESOLVED**, that each DIP Loan Party, as debtor and debtor in possession under the Bankruptcy Code be, and hereby is, authorized to incur the DIP Obligations and certain obligations related to the DIP Financing and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Documents (collectively, the "DIP Transactions"), including granting liens on its assets to secure such obligations.

**RESOLVED**, that the Authorized Signatories of each Company be, and they hereby are, authorized and directed, and each of them acting alone hereby is authorized, directed, and empowered in the name of, and on behalf of, each Company, as debtors and debtors in possession in the case of the DIP Loan Parties, to take such actions as in their discretion is determined to be necessary, desirable, or appropriate and execute the DIP Transactions, including delivery of: (a) the DIP Documents, (b) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested by the agents, and (c) such forms of deposit, account control agreements, officer's certificates, and compliance certificates as may be required by the DIP Documents.

**RESOLVED**, that each of the Authorized Signatories of each Company be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, each Company to file or to authorize the agents to file any Uniform Commercial Code (the "UCC") financing statements, any other equivalent filings, any intellectual property filings and recordation, and any necessary assignments for security or other documents in the name of each Company that the agents deem necessary or appropriate to perfect any lien or security interest granted under the DIP Documents, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of each Company and such other filings in respect of intellectual and other property of each Company, in each case as the agents may reasonably request to perfect the security interests of the agents under the DIP Order or any of the other DIP Documents.

**RESOLVED**, that each of the Authorized Signatories of each Company be, and hereby are, authorized, directed, and empowered in the name of, and on behalf of, each Company to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the DIP Transactions and all fees and expenses incurred by or on behalf of each Company in connection with the foregoing resolutions, in accordance with the terms of the DIP Documents, which shall in their sole judgment be necessary, desirable, proper, or advisable to perform any of each Company's obligations under or in connection with the DIP Order or any of the other DIP Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions.

**General**

**RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Signatories, each of the Authorized Signatories (and their designees and delegates) be, and hereby are, authorized and empowered, in the name of and on behalf of each Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all

expenses, including but not limited to filing fees, in each case as in such Authorized Signatory's judgment, shall be necessary, advisable, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein.

**RESOLVED**, that each Governing Body of each Company has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of each Company, or hereby waive any right to have received such notice.

**RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby, in all respects, approved and ratified as the true acts and deeds of each Company with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by resolution of each Governing Body.

**RESOLVED**, that each of the Authorized Signatories (and their designees and delegates) be, and hereby is, authorized and empowered to take all actions or to not take any action in the name of each Company with respect to the transactions contemplated by these resolutions hereunder, as such Authorized Signatory shall deem necessary or desirable in such Authorized Signatory's reasonable business judgment to effectuate the purposes of the transactions contemplated herein.

* * * * *

**Annex A**

| Company | State of Formation |
|---|---|
| Denbury Resources Inc. | Delaware |
| Denbury Air, LLC | Delaware |
| Denbury Brookhaven Pipeline Partnership, LP | Delaware |
| Denbury Brookhaven Pipeline, LLC | Delaware |
| Denbury Gathering & Marketing, Inc. | Delaware |
| Denbury Green Pipeline-Montana, LLC | Delaware |
| Denbury Green Pipeline-North Dakota, LLC | Delaware |
| Denbury Green Pipeline-Riley Ridge, LLC | Delaware |
| Denbury Green Pipeline-Texas, LLC | Delaware |
| Denbury Gulf Coast Pipelines, LLC | Delaware |
| Denbury Holdings, Inc. | Delaware |
| Denbury Onshore, LLC | Delaware |
| Denbury Operating Company | Delaware |
| Denbury Pipeline Holdings, LLC | Delaware |
| Denbury Thompson Pipeline, LLC | Delaware |
| Encore Partners GP Holdings, LLC | Delaware |
| Greencore Pipeline Company, LLC | Delaware |
| Plain Energy Holdings, LLC | Delaware |