

ENTERED
09/16/2020

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| DENBURY RESOURCES INC., *et al.*,[1] | Case No. 20-33801 (DRJ) |
| Debtors. | (Docket No. 204) |

## STIPULATION AND AGREED ORDER
## GRANTING RELIEF FROM THE AUTOMATIC STAY

This Stipulation and Agreed Order (this "Stipulation") is entered into this 26th day of August, 2020, between Keystone Energy Company, LLC; Union Pacific Railroad Company; and Shannon Martin Daboval and Jada Simar Daboval, as individuals and as the heirs and/or successors in interest to Rene Joseph Daboval and Arlene Thevis Daboval who are now deceased; and Kimberly Anne Daboval Juneau as an individual and as an heir and/or successor in interest to Rene Joseph Daboval and Arlene Thevis Daboval who are now deceased ("Keystone, UPR and the Dabovals") and Denbury Onshore, LLC ("Denbury" and together with Keystone, UPR and the Dabovals, the "Parties"), by their respective undersigned counsel, who hereby stipulate and agree as follows:

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Denbury Resources Inc. (7835); Denbury Air, LLC (7621); Denbury Brookhaven Pipeline Partnership, LP (6322); Denbury Brookhaven Pipeline, LLC (6471); Denbury Gathering & Marketing, Inc. (6150); Denbury Green Pipeline-Montana, LLC (6443); Denbury Green Pipeline-North Dakota, LLC (7725); Denbury Green Pipeline-Riley Ridge, LLC (2859); Denbury Green Pipeline-Texas, LLC (2301); Denbury Gulf Coast Pipelines, LLC (0892); Denbury Holdings, Inc. (1216); Denbury Onshore, LLC (7798); Denbury Operating Company (7620); Denbury Pipeline Holdings, LLC (0190); Denbury Thompson Pipeline, LLC (0976); Encore Partners GP Holdings, LLC (N/A); Greencore Pipeline Company, LLC (9605); Plain Energy Holdings, LLC (0543). These entities are collectively referred to hereafter as the "Debtors." The location of Debtor Denbury Resources Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 5320 Legacy Drive, Plano, Texas 75024.

26680658v.2

WHEREAS, prior to the instant bankruptcy filing, the Parties timely filed or asserted their claims against one another and others in the following docket: *Keystone Energy Company, L.L.C. v. Denbury Onshore, L.L.C., et al*, Docket No. C-510-11, 31st Judicial District Court for the Parish of Jefferson Davis, Louisiana (the "Action");

WHEREAS, on July 30, 2020 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"). The Debtors' chapter 11 cases are being jointly administered pursuant to Rule 1015 of the Federal Rules of Bankruptcy Procedure;

WHEREAS, Denbury is seeking an order from the Bankruptcy Court granting relief from the automatic stay;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, AND UPON APPROVAL BY THE COURT OF THIS STIPULATION, IT IS ORDERED THAT:**

1. The automatic stay provisions of section 362 of the Bankruptcy Code in the above-captioned chapter 11 cases, are hereby modified so as to permit the Parties to proceed with the Action against one another and others, through and including judgment, settlement, and execution as hereafter set forth which may include distribution of funds held in the registry of the court to the Parties and others.

2. The Parties and others to the Action may recover on any judgment from any non-Debtor party to the Action without requirement of any further stay relief.

3. If the Effective Date[2] of the *Joint Chapter 11 Plan of Reorganization of Denbury Resources Inc. and its Debtor Affiliates* [Docket No. 16] (the "Plan") shall not have occurred upon the date that Keystone, UPR and the Dabovals and/or others seek to execute on any judgment entered in connection with the Action by and/or against the Debtor, **then they** shall be deemed to have an allowed general unsecured claim, not subject to disallowance, subordination, or other challenge, against the Debtor in the amount of the judgment entered in connection with the Action, less any amount collected from insurance proceeds.

4. This Stipulation sets forth the entire understanding of the Parties regarding the subject matter hereof and supersedes all prior oral or written agreements between them. This Stipulation shall not be modified, altered, amended or vacated without written consent of the Parties. Any such modification, alteration, amendment or vacation, in whole or in part, shall be subject to the approval of the Court.

5. Neither this Stipulation, nor any terms contained herein shall be offered or received in evidence or in any way referred to in any legal action or administrative proceeding among or between the Parties, other than as may be necessary: (a) to obtain approval and to enforce this Stipulation and (b) to seek damages or injunctive relief in connection therewith.

6. Neither this Stipulation nor any negotiations and writings in connection with this Stipulation will in any way be construed as or deemed to be evidence of or an admission on behalf of any party regarding any claim or right that such party may have against the other party.

7. Each of the Parties hereto represents and warrants it is duly authorized to enter into and be bound by this Stipulation.

---

[2] As defined in the Plan.

8. The terms and conditions of this Stipulation will be immediately effective and enforceable upon its entry.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Stipulation.

10. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Stipulation, and the Parties hereby consent to such jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation. Any motion or application brought before this Court to resolve a dispute arising from or related to this Stipulation shall be brought on notice as provided by and in accordance with the Federal Rules of Bankruptcy Procedure and the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas.

11. This Stipulation is not a *stipulation pour autrui*.

**IT IS SO ORDERED.**

Signed: September 16, 2020.

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

Dated: August 26, 2020

*/s/ Joshua A. Sussberg, P.C.*
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christopher Marcus, P.C. (admitted *pro hac vice*)
Rebecca Blake Chaikin (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:          joshua.sussberg@kirkland.com
                christopher.marcus@kirkland.com
                rebecca.chaikin@kirkland.com

-and-

David L. Eaton (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200
Email:          david.eaton@kirkland.com

*Proposed Co-Counsel to the the Debtors and Debtors in Possession*


*/s/ J. Michael Fussell, Jr.*
**OTTINGER HEBERT, L.L.C.**
J. Michael Fussell, Jr.
Ryan P. McAlister
1313 W. Pinhook Road (70503)
P. O. Drawer 52606
Lafayette, LA 70503
Telephone: 337-232-2606
Facsimile: 337-232-9867
Email:  mfussell@ohllc.com
        rpmcalister@ohllc.com
*Attorneys for the Debtor, Denbury Onshore, LLC, in the Action, to wit: Keystone Energy Company, L.L.C. v. Denbury Onshore, L.L.C., et al, Docket No. C-510-11, 31st Judicial District Court for the Parish of Jefferson Davis, Louisiana*

- 5 -

26680658v.2

*s/ John H. Pucheu*
*/s/ Jacque B. Pucheu, Jr.*
**PUCHEU, PUCHEU & ROBINSON, LLP**
Jacque B. Pucheu, Jr.
John H. Pucheu
P. O. Box 1109
106 Park Ave.
Eunice, LA  70535
Phone:          337-457-9075
Facsimile:     337-457-4858
Jacque@pprlaw.com
john@pprlaw.com
*Attorneys for Keystone Energy Co. and Union Pacific Railroad Company*

*/s/ David P. Bruchhaus*
**MUDD, BRUCHHAUS & KEATING**
David P. Bruchhaus
422 E. College Street, Suite B
Lake Charles, LA  70605
Phone: 337-562-2327
Facsimile:337-562-2391
Email: dbruchhaus@mbklaw.net

*Attorney for Shannon Martin Daboval and Jada Simar Daboval, as individuals and as the heirs and/or successors in interest to Rene Joseph Daboval and Arlene Thevis Daboval who are now deceased, and Kimberly Anne Daboval Juneau as an individual and as an heir and/or successor in interest to Rene Joseph Daboval and Arlene Thevis Daboval who are now deceased*

26680658v.2