IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| DENBURY RESOURCES INC., *et al.*,[1] | ) ) | Case No. 20-33801 (DRJ) |
| Reorganized Debtors. | ) ) ) | (Jointly Administered) |
| | ) | Re: Docket No. 449 |

**FINAL DECREE CLOSING THE
CHAPTER 11 CASE OF DENBURY RESOURCES INC.**

Upon the motion (the "Motion")[2] of the above-captioned Reorganized Debtors for entry of a Final Decree pursuant to section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022, closing the Lead Case, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Reorganized Debtors' estates, their creditors, and other parties in interest; and this Court having

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, include: Denbury Inc. (7835); Denbury Air, LLC (7621); Denbury Brookhaven Pipeline Partnership, LP (6322); Denbury Brookhaven Pipeline, LLC (6471); Denbury Gathering & Marketing, Inc. (6150); Denbury Green Pipeline-Montana, LLC (6443); Denbury Green Pipeline-North Dakota, LLC (7725); Denbury Green Pipeline-Riley Ridge, LLC (2859); Denbury Green Pipeline-Texas, LLC (2301); Denbury Gulf Coast Pipelines, LLC (0892); Denbury Holdings, Inc. (1216); Denbury Onshore, LLC (7798); Denbury Operating Company (7620); Denbury Pipeline Holdings, LLC (0190); Denbury Thompson Pipeline, LLC (0976); Encore Partners GP Holdings, LLC (N/A); Greencore Pipeline Company, LLC (9605); Plain Energy Holdings, LLC (0543). The location of Reorganized Debtor Denbury Inc.'s principal place of business and the Reorganized Debtors' service address in these chapter 11 cases is 5851 Legacy Circle, Suite 600, Plano, Texas 75024.

[2] Capitalized terms used and not otherwise defined herein shall have the meaning ascribed to them in the Motion.

found that the Reorganized Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The chapter 11 case of Denbury Resources Inc., Case No. 20-33801 is hereby closed; *provided* that this Court shall retain jurisdiction as provided in Article XI of the Plan.

2. Entry of this Final Decree is without prejudice to the rights of the Reorganized Debtors or any party in interest to seek to reopen the Lead Case or the Affiliate Cases for cause pursuant to section 350(b) of the Bankruptcy Code.

3. Entry of this Final Decree is without prejudice to (a) the rights of Debtors, the Reorganized Debtors, or any party in interest, to seek to reopen the Lead Case or the Affiliate Cases for cause pursuant to section 350(b) of the Bankruptcy Code, and (b) the rights of the Debtors, the Reorganized Debtors, or any Entity authorized pursuant to the Plan, as applicable, to dispute, in this Court or any applicable non-bankruptcy forum, any claims filed against the Debtors in the Debtors' chapter 11 cases, as provided in the Plan and the Confirmation Order. Notwithstanding anything to the contrary contained in the Plan, any failure of the Debtors, the Reorganized Debtors, or any Entity authorized pursuant to the Plan, as applicable, to file an

objection to a claim in the Lead Case or the Affiliate Cases shall not constitute allowance of the claim and shall not result in such claim being deemed allowed against any Debtor.

4. The Reorganized Debtors, no later than fourteen days after the date of entry of the Final Decree, shall file a post-confirmation report for the second quarter of 2021 through the date of entry of the Final Decree and shall serve a true and correct copy of said statements on the United States Trustee (the "U.S. Trustee").

5. The Reorganized Debtors shall pay the appropriate sum of quarterly fees due and payable under 28 U.S.C. § 1930(a)(6)(A) and (B) with respect to the Lead Case by remitting payment to the United States Trustee Payment Center, P.O. Box 6200-19, Portland, Oregon, 97228-6200 no later than the date on which such quarterly fees are otherwise due, and shall furnish evidence of such payment to the acting U.S. Trustee, 515 Rusk, Suite 3516, Houston, Texas. The payment shall reflect the Reorganized Debtors' account numbers and shall be transmitted with a "Chapter 11 Quarterly Disbursement and Fee Report" available from the acting U.S. Trustee. This Court shall retain jurisdiction to enforce of fees assessed under 28 U.S.C. § 1930(a)(6)(A) and (B).

6. Following the completion of the services identified in paragraphs 7 and 8 below, Epiq Corporate Restructuring, LLC ("Epiq") shall have no further obligations to this Court or any party in interest with respect to the claims, noticing, and solicitation services in these chapter 11 cases.

7. Consistent with the *Order Appointing Epiq Corporate Restructuring, LLC as Claims, Noticing, Solicitation, and Administrative Agent* [Docket No. 18], within thirty (30) days following entry of this Final Decree, Epiq shall prepare a final claims register for the Clerk's Office

pursuant to any guidelines for implementing 28 U.S.C. § 156(c), and archive all proofs of claim with the Philadelphia Federal Records Center, at the direction of the Clerk's Office.

8. Epiq will collect and forward any mail regarding these chapter 11 cases after entry of this Final Decree by mail as soon as reasonably practicable to the Reorganized Debtors, provided that the Reorganized Debtors shall provide Epiq with reasonable compensation and reimburse Epiq for its reasonable and documented expenses in connection with any such mail forwarding services provided by Epiq to the Reorganized Debtors after the date of entry of this Final Decree.

9. The Debtors, the Reorganized Debtors, or any Entity authorized pursuant to the Plan, and their respective agents are authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Decree in accordance with the Motion.

10. Nothing in this Final Decree shall change the amount or nature of any distribution, or any other substantive rights, that any claim against or interest in any Debtor would have been entitled to under the Plan, the Confirmation Order, the Bankruptcy Code, the Bankruptcy Rules, or otherwise, had this Final Decree not been entered.

11. Notwithstanding anything to the contrary, the terms and conditions of this Final Decree shall be immediately effective and enforceable upon its entry.

12. Notwithstanding the relief granted in this Final Decree and any actions taken pursuant to such relief, nothing in this Final Decree shall be deemed: (a) an admission as to the validity of any prepetition claim against a Debtor; (b) a waiver of the right of the Debtors, the Reorganized Debtors or any Entity authorized pursuant to the Plan, as applicable, to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Final

Decree or the Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtor's rights or the rights of any other Person under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors, the Reorganized Debtors, or any Entity authorized pursuant to the Plan, as applicable, that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors, the Reorganized Debtors or any Entity authorized pursuant to the Plan, as applicable, expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens.

13. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Decree.

**Signed: April 23, 2021.**

_____
DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE